PER CURIAM.
In this disciplinary proceeding, we have for review a recommendation by the Referee that Nadine N. Reed, a member of The Florida Bar, be suspended from practice for a period of time so that she may reorganize her legal affairs. A hearing has not been requested.
The Referee’s report includes the following :
“The Referee finds that the Respondent has violated the provisions of the second Paragraph of Canon 11 of the Canons of Professional Ethics, the final clause of Rule 1 and the last phrase of the first sentence of sub-section (4) of Rule 11.02, Article XI of the Integration Rule of The Florida Bar. This decision is based upon the following findings of fact: in March of 1968 the Respondent received $157.64 as Administratrix of the estate of Charles Casper, deceased, and thereafter on or about April 18, 1968 received $25.00 as Ad-ministratix of the estate. Thereafter, from May of 1968 until the first week in July of 1970 she received checks on. approximately a monthly basis in the amount of $25.00 to April 21, 1969 and the amount of $45.00 on or about May 27, 1969 and the amount of $45.50 thereafter through approximately June 29, 1970. None of these checks were negotiated until July 6, 1970 at a time subsequent to the filing of the grievance in this cause and subsequent to the scheduled hearing of the Circuit Grievance Committee on this matter.
“I specifically find that none of the funds referred to above and none of the checks were in fact, converted to the use of the Respondent nor was there any showing of any intent of the Respondent to convert any of the funds to her own use. I further find that at least as early as July 1, 1969 the beneficiaries of the estate, through their representative, made repeated efforts to determine why the assets of the estate had not been distributed to the beneficiaries, two in number. I find that from July 1st of 1969 through at least October 4, 1969 the Respondent failed to reply to inquiries concerning the assets of the estate, failed to account for the funds already in her possession and failed to account for the checks which represented funds available to her in her possession. I further find that the Respondent failed to cause *418 an assignment of the note and mortgage to be made from the estate to the heirs through the time of the commencement of these proceedings.
“I further find that Respondent failed to account as above described, because of the loss of one or more of the above described checks and her desire not to reveal to those making inquiry that she had lost the check or checks and that she had not properly and efficiently administered the estate of the deceased. I find that upon being made aware of the grievance filed against her by the attorney for one of the beneficiaries she attempted to properly account for and distribute the assets in her hands but accounting for the assets was further delayed by reason of the lost check or checks and, after such check or checks were found, was further delayed by the Respondent’s concern for obtaining a release of liability from the beneficiaries of the estate. I find that the loss of the checks by the Respondent was careless but possibly excusable.
“However, I find the failure of the Respondent to reply to inquiries of the beneficiaries and their representative to explain the circumstances of the delay, her failure to appear at the Grievance hearing held in Tampa on this matter to explain the circumstances and her failure to account to the beneficiaries’ representative for the funds until on or about July 28, 1970 to be inexcusable. I further find that her further failure to expeditiously pay over the funds until at least as late as September of 1970 to be inexcusable. At the trial of this cause it was reflected that such funds were not paid over until approximately the time of the trial and that in October of 1970 it became necessary for the beneficiaries to employ local counsel for the purpose of collecting the amounts due. I further find that as of the time of the hearing the Respondent either had or was in the process of paying all amounts in controversy to the beneficiaries and had paid Florida counsel the agreed fee charged by Florida counsel for collection and had paid out of State counsel $250.00 as a fee for representation of the beneficiaries in this matter.

“Recommendation as to Whether or not the Respondent Should be Found Guilty of Misconduct Justifying Disciplinary Measures.

“I recommend that the Respondent be found guilty of a violation of Canon 11 of the Canons of Professional Ethics and of Rule 1 of Additional Rules Governing the Conduct of Attorneys in Florida and of Rule 11.02(4) of Article XI of the Integration Rule of The Florida Bar.

“Recommendations as to The Disciplinary Measures To Be Applied.

“It is the recommendation of the Referee that the Respondent be suspended from the practice of law for a period of two (2) months and thereafter until she shall establish to the satisfaction of The Bar that she has established proper administrative and management procedures within her practice so as to be certain that her clients’ affairs are properly and expeditiously attended to and managed.”
We approve the findings and recommendations of the Referee. An attorney who is grossly ineffectual in the management of legal affairs is a liability to the profession, the public and to himself. See The Florida Bar v. Dingle, 235 So.2d 479 (Fla.1970). During the period of suspension, respondent would profit by reading “Florida Law Office Management & Economics,” a publication of the Continuing Legal Education Program of The Florida Bar.
Respondent is hereby suspended for the period recommended by the Referee. Further, the respondent is to bear the costs of these proceedings in the amount of $425.59.
It is so ordered.
CARLTON, Acting C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.