PER CURIAM.
This cause is before us on petition of Dennis R. Dingle, Respondent, to review the judgment of the Board of Governors of The Florida Bar that he be disbarred from the practice of law in Florida.
The Judgment of the Board of Governors of The Florida Bar is in pertinent part as follows:
“The Florida Bar’s Complaint consisted of three counts. On the basis of the evidence, the referee made the following findings of fact as to each count.
I
“Respondent received $155.00, in trust, from William R. Graham for the purpose of buying title insurance, but commingled the $155.00 with his own funds. Though Mr. Graham repeatedly requested Respondent to furnish the insurance or return the money, Respondent did not do so until several months after a complaint was made to the Bar. Respondent did not maintain a trust account, escrow account or client’s account in which to deposit trust funds.
II
“Respondent received a $700.00 draft from an insurance carrier in settlement of a personal injury claim of his client, William C. Gandy. Respondent obtained Mr. Gandy’s endorsement on the draft and gave Mr. Gandy his personal check for $420.00, the amount due Mr. Gandy after Respondent’s fee had been de *480 ducted. Respondent cashed the $700.00 insurance draft. His personal check for $420.00 was returned to Mr. Gandy unpaid due to insufficient funds. The referee could not determine if restitution had been made as Respondent invoked the Fifth Amendment in regards to count II.
Ill
“The Bar charged Respondent with procuring William R. Gandy to falsely swear and give false testimony before a grievance committee. Respondent invoked the Fifth Amendment concerning count III. Mr. Gandy refused to testify on the same grounds in his deposition. The referee found no facts to support the Bar’s allegation.
“Mr. Dingle was admitted to The Florida Bar in 19S2. He has practiced law in Jacksonville, Florida since 1954. As a result of his being suspended from federal practice by U. S. District Judge Bryan Simpson for failure to take an appeal in a criminal case in which he had represented the defendant, this Court publicly reprimanded Respondent for his negligence of duty and unprofessional conduct. (The Florida Bar v. Dingle, 220 So.2d 9 (Fla.1969)).
“The referee recommended Respondent be found guilty as charged in counts I and II and not guilty of count III. In particular, he recommended Respondent be found guilty of violations of Article XI, Rule 11.02 of the Integration Rule [32 F.S.A.] Canon 11 of the Canons of Professional Ethics, and Rules 1, 27 and 30 of the Additional Rules Governing the Conduct of Attorneys [32 F.S.A.] in Florida. It is the recommendation of the referee that Respondent be suspended from the practice of law in Florida for a period of three years, or until he can show rehabilitation.
“The Board of Governors concurs with the referee’s findings of fact and recommendations of guilt. However, it disagrees with the referee as to discipline and recommends disbarment. It is, therefore,
“ORDERED and ADJUDGED that Dennis R. Dingle be disbarred from the practice of law in Florida and that he pay the costs in these proceedings in the amount of $693.03.”
A careful examination of the record reveals a general lack of concern about financial matters on the part of Respondent. He admits issuing worthless checks repeatedly. He says he is honest but a poor bookkeeper. This explanation may well be true but does not excuse Respondent’s misconduct.
At the hearing before this Court it was admitted that he has always commingled his own funds with those of his clients and at this time does not maintain a bank account of any kind because he is having problems with the United States Internal Revenue Service.
Financial insecurity coupled with utter economic irresponsibility as shown here creates potential danger to the public.
Every attorney should be eligible and worthy to accept and hold trust funds. The public should feel secure in leaving money or other property with any member of the Bar. Likewise, they should feel secure in the knowledge that their law suits will be diligently handled in court. Any lawyer who fails to meet this standard should not be allowed to continue in the profession. Respondent fails to meet this standard.
Accordingly, it is the order of this Court that respondent be suspended forthwith from the practice of law for a period of three years and thereafter until he may demonstrate rehabilitation and until he shall show economic solvency and the willingness and ability to prevent commingling his personal funds with funds that may be entrusted to him.
*481 It is further ordered that respondent shall pay the costs of these proceedings in the amount of $693.05.
It is so ordered.
ERVIN, C. J., CARLTON and BOYD, JJ., SPECTOR, District Court Judge and FRYE, Circuit Judge, concur.