605 So.2d 866 (1992)
THE FLORIDA BAR, Complainant,
v.
Joseph R. MIELE, Respondent.
No. 78589.
Supreme Court of Florida.
October 8, 1992.
*867 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David R. Ristoff, Branch Staff Counsel, Tampa, for complainant.
William D. Slicker, William D. Slicker, P.A., St. Petersburg, for respondent.
PER CURIAM.
Joseph Miele, a member of The Florida Bar, petitions for review of a referee's report recommending that he be publicly reprimanded. We have jurisdiction pursuant to article V, section 15, Florida Constitution, and approve the referee's report and recommendations.
Miele and another man owned an apartment building in St. Petersburg that they converted to condominium units. When the county property appraiser raised their appraisals, the property owners, including Miele, appealed the assessments. Miele represented the unit owners in annual lawsuits from 1981 to 1987, and, over the years, the other unit owners paid Miele for pursuing their collective claims. The litigation concluded in 1989 with the unit owners being awarded refunds and attorney's fees. Miele gave the other owners their refunds, but kept the fee awards.
The unit owners that eventually complained to the bar said that Miele told them that the issue of attorney's fees had not been decided. In January 1990, however, these owners learned that fees had, indeed, been awarded and asked Miele for reimbursement. Other unit owners also demanded reimbursement of the fees they had paid Miele.
The bar filed a complaint against Miele, alleging that he had, among other things, collected an excessive fee.[*] After conducting a hearing, the referee found: 1) although the bar did not prove that Miele misrepresented the fee issue to his clients, the record showed that he failed to account for his time and to provide information about the fee award; 2) Miele did not maintain his trust account records; and 3) the bar did not prove that Miele charged excessive fees or improperly retained the court-awarded fees, but his failure to communicate with his clients resulted in their bona fide belief that at least a portion of those fees belonged to them. The referee found that, although the bar had not proved some of its charges against Miele, it showed that Miele violated the following Rules Regulating The Florida Bar: 4-1.4(a) (keeping a client reasonably informed) and (b) (explaining matters to a client so that an informed decision can be made), 4-1.15(d) (compliance with the trust accounting *868 rules), and 5-1.1(b) (records to be preserved for six years). The referee recommended that Miele receive a public reprimand and pay the costs of this disciplinary proceeding.
In his petition for review Miele argues that the bar did not prove that he acted from a selfish motive as found by the referee, that a public reprimand is not warranted, and that, because the bar did not prove all of its allegations against him, he should not have to pay all of the costs. We disagree with each of his contentions.
A referee's findings are presumed to be correct and will be upheld unless the party seeking review shows them to be clearly erroneous or lacking in evidentiary support. The Fla. Bar v. Hayden, 583 So.2d 1016 (Fla. 1991); The Fla. Bar v. McClure, 575 So.2d 176 (Fla. 1991). Miele has not met this burden. The referee's findings, therefore, are approved. Moreover, a public reprimand is appropriate here and is also approved.
The assessment of costs in a disciplinary proceeding is within the referee's discretion and will not be reversed absent an abuse of discretion. The Fla. Bar v. Carr, 574 So.2d 59 (Fla. 1990). Miele argues that, because he has been partially vindicated, he should not be held liable for the total costs. This argument ignores the fact that, but for Miele's misconduct, there would have been no complaint and, thus, no costs. We find nothing in the record suggesting that costs were unnecessary, excessive, or improperly authenticated. Therefore, Miele has shown no abuse of discretion. Where the choice is between imposing costs on a bar member who has misbehaved and imposing them on the rest of the members who have not misbehaved, it is only fair to tax the costs against the misbehaving member. The Fla. Bar v. Gold, 526 So.2d 51 (Fla. 1988).
We approve the referee's report and adopt his recommendations. By this opinion Joseph R. Miele is publicly reprimanded. Judgment for costs in the amount of $1,462.24 is hereby entered against Miele, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[*] The bar charged that Miele violated the following Rules Regulating The Florida Bar: 4-1.3, 4-1.4(a), (b), 4-1.5, 4-1.15(a)-(d), 4-8.4(b), (c), 5-1.1(b), (c), and 5-1.2(b)(2)-(7), (c)(1)-(4).