669 So.2d 1040 (1996)
THE FLORIDA BAR, Complainant,
v.
Robert B. MORRISON, Jr., Respondent.
No. 85179.
Supreme Court of Florida.
March 14, 1996.
*1041 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Stephen C. Whalen, Assistant Staff Counsel, Tampa, for Complainant.
Robert B. Morrison, Jr., Tampa, pro se.
Delano S. Stewart, Tampa, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by respondent Robert B. Morrison, Jr. We have jurisdiction. Art. V, § 15, Fla. Const.
This case involves a two-count complaint against respondent. The first count in the complaint involves respondent's representation of Virginia C. Bates, D.D.S., in a federal civil action. Although respondent did not initially file the suit on behalf of Bates, once he undertook representation, he failed to file a notice of appearance and did not timely respond to the defendant's motions to dismiss and to compel discovery. Thereafter, the court dismissed the case without prejudice. Several months later, respondent refiled the complaint. He again failed to actively pursue the case, and twenty-one months after the complaint was refiled, the defendant filed a motion to dismiss for failure to prosecute. Respondent did not file a response to the motion or to the court's order to show cause why this suit should not be dismissed. Consequently, the court again dismissed the complaint without prejudice. However, by this time, the statute of limitations had run, thus precluding Bates from pursuing her claim.
During the course of this representation, respondent failed to respond to Bates' requests for information, to return her phone calls, or to timely answer her correspondence. Further, respondent had collected $32,500 in attorney fees for his services and failed to refund this money at the end of the case.
The second count in the complaint involves respondent's representation of Shelley Von Newkirk Tavernier. Tavernier retained respondent to represent her in a personal injury action. Respondent did not actively pursue this claim for almost four years, causing Tavernier to receive no compensation for her injuries or assistance with her medical bills during that period. Respondent did not return Tavernier's phone calls and did not keep her updated on the status of her case.
After filing a complaint against respondent, to which respondent did not respond, the Bar filed a request for admissions. Respondent did not respond to the request, and this Court granted the Bar's motion to deem these matters admitted. With respect to both counts in the complaint, the referee recommended that respondent be found guilty of violating the following Rules Regulating The Florida Bar: rule 4-1.3 (acting with reasonable diligence and promptness in representing a client); rule 4-1.4(a) (keeping a client reasonably informed about the status of a matter and promptly complying with requests for information); rule 4-8.4(a) (violating the Rules of Professional Conduct); and rule 4-8.4(g) (failing to respond in writing to any inquiry by a disciplinary agency when such agency is conducting an investigation into the lawyer's conduct). The referee considered respondent's prior disciplinary record, which reflected that respondent had previously received a public reprimand and was placed on probation for one year.[1]See Florida Bar v. Morrison, 621 So.2d 433 (Fla.1993). In aggravation, the referee considered respondent's prior disciplinary offense, a pattern of misconduct, multiple offenses, obstruction of the disciplinary proceeding, refusal to acknowledge the wrongful nature of conduct, and indifference to making restitution. The referee did not find any evidence in mitigation. Consequently, the referee recommended that respondent be suspended from the practice of law for one year and make restitution in the amount of $32,500 to Bates *1042 as a condition precedent to reinstatement to the practice of law. Additionally, the referee recommended that $2,627.18 in costs be assessed against respondent.
In this review, respondent only challenges the referee's recommended discipline. Respondent contends that a one-year suspension is an unreasonable sanction in light of respondent's conduct. The Bar responds that this sanction is warranted under the circumstances of this case.
We have broad latitude in reviewing a referee's recommendations for discipline because, ultimately, it is our responsibility to order an appropriate punishment. See Florida Bar v. Anderson, 538 So.2d 852 (Fla.1989). We have previously stated that the sanctions resulting from a Bar disciplinary action must serve three purposes: the sanction must be fair to society, the sanction must be fair to the attorney, and the sanction must be severe enough to deter other attorneys from similar misconduct. See Florida Bar v. Lawless, 640 So.2d 1098 (Fla.1994). In rendering discipline, this Court considers the respondent's previous history and increases the discipline where appropriate. Florida Bar v. Bern, 425 So.2d 526, 528 (Fla.1982).
We reject respondent's contention that the recommended discipline is too severe. The failure of an attorney to pursue representation on behalf of a client resulting in prejudice to a client's rights is an intolerable breach of trust. See Florida Bar v. Schilling, 486 So.2d 551, 552 (Fla.1986) ("Confidence in, and proper utilization of, the legal system is adversely affected when a lawyer fails to diligently pursue a legal matter entrusted to that lawyer's care."). We conclude that in light of respondent's similar prior misconduct, the purposes of disciplining respondent are fulfilled by a one-year suspension. See Florida Bar v. Winderman, 614 So.2d 484 (Fla.1993) (finding attorney's failure to communicate with client or to actively pursue claim which resulted in a dismissal with prejudice and an order taxing attorney fees and costs against the client warranted a one-year suspension); Florida Bar v. Patterson, 530 So.2d 285 (Fla.1988) (finding attorney's faulty representation, neglect of legal matters entrusted to him, and failure to communicate with clients warranted a one-year suspension); Florida Bar v. Schilling, 486 So.2d 551 (Fla.1986) (finding a six-month suspension was warranted for attorney who neglected his responsibilities, in light of past conduct). We approve the referee's recommendation as to discipline.
Accordingly, Robert B. Morrison, Jr. is hereby suspended from the practice of law for a period of twelve months and thereafter until he has made restitution in the amount of $32,500 to Dr. Virginia C. Bates. Additionally, because of respondent's disciplinary record reflecting that he received a public reprimand and was placed on probation for one year in 1993 for neglecting legal matters, we order that respondent's suspension continue until respondent successfully completes The Florida Bar's ethics school and passes the ethics portion of The Florida Bar Examination. The suspension will be effective thirty days from the filing of this opinion so that respondent can close out his practice and protect the interests of existing clients. If respondent notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Respondent shall accept no new business from the date this opinion is published until the suspension is completed. Finally, judgment for costs of these proceedings is hereby entered against respondent in the amount of $2,627.18, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] In this prior action, respondent was found guilty of violating Rules Regulating The Florida Bar 4-1.3 and 4-1.4(a).