679 So.2d 1179 (1996)
THE FLORIDA BAR, Petitioner,
v.
Michael Joseph BARBONE, Respondent.
No. 85470.
Supreme Court of Florida.
September 26, 1996.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Stephen C. Whalen, Assistant Staff Counsel, Tampa, for Complainant.
Thomas E. Parnell of Thomas E. Parnell, P.A., Tampa, for Respondent.
*1180 PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Michael Joseph Barbone. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar entered a complaint against Barbone for failure to comply with the Bar's trust accounting rules. Hearings were held on September 11, 1995, and September 26, 1995. The referee prepared a report recommending a six-month suspension and certain probationary conditions. We approve the recommendation.
Count I of the complaint concerns an audit of Barbone's trust account which revealed several substantial shortages and overages. Many of the documents required by the Bar to be retained for a six-year period could not be produced by Barbone. The audit determined that on several occasions, Barbone would not have had sufficient funds if required to disburse trust balances to clients.
Based on this count, the referee recommended that Barbone should be found guilty of violating the following Rules Regulating The Florida Bar: 4-1.15(a) (funds to be held in trust), 4-1.15(d) (requiring compliance with trust account rules), 5-1.1(a) (funds in trust), 5-1.1(d) (trust accounting), 5-1.2(b)(4) (documentary support required), 5-1.2(b)(5) (journal required), 5-1.2(b)(6) (ledger records required), 5-1.2(c)(1)(B) (monthly comparisons required), 5-1.2(c)(2) (annual balances required), and 5-1.2(c)(3) (retaining records for at least six years required).
Count II of the complaint was based on Barbone's alleged misrepresentation of a client. The referee found the evidence did not support this count.
The referee recommended a six-month suspension and two years probationif reinstatedwith regular, unannounced accounting reviews at least three times a year at Barbone's expense. The referee also recommended that Barbone take and pass the Multistate Professional Responsibility Examination. Additionally, Barbone should continue to retain a certified public accountant to provide the Bar quarterly reports showing compliance with trust accounting rules.
In considering his recommendation, the referee looked at Barbone's year of birth (1960), date admitted to the Bar (December 27, 1988), prior public reprimand with one year probation, and prior thirty-day suspension. In aggravation, this complaint involved multiple violations following two prior disciplinary actions, there was no supervised rehabilitation through an accounting firm until just before the final hearing, and the facts of this complaint occurred while Barbone was on probation for similar violations. In mitigation, the referee found that Barbone lacked a selfish or dishonest motive, recently retained an accounting firm to maintain records, and performs community service work.
The referee found $3,268.97 in costs, and recommended they be taxed to Barbone. We find adequate evidence in the record to support the referee's recommendations, and we therefore approve the recommendations as to guilt, discipline, and costs.
Michael Joseph Barbone is hereby suspended from The Florida Bar for a period of six months. If reinstated, he shall be on probation for a period of two years with regular, unannounced accounting reviews at least three times a year at his expense. Additionally, Barbone should continue to retain a certified public accountant to provide the Bar quarterly reports showing compliance with trust accounting rules, and he is required to take and pass the Multistate Professional Responsibility Examination. The suspension will be effective thirty days from the filing of this opinion so that Barbone can close out his practice and protect the interests of existing clients. If Barbone notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Barbone shall accept no new business from the date this opinion is filed until the suspension is completed. The costs of these proceedings are taxed against Barbone and judgment is entered in the amount of $3,268.97, for which sum let execution issue.
It is so ordered.
*1181 KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.