682 So.2d 542 (1996)
THE FLORIDA BAR, Petitioner,
v.
Susan M. TILLMAN, Respondent.
No. 85953.
Supreme Court of Florida.
October 17, 1996.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, *543 and Lorraine C. Hoffmann, Bar Counsel and Kevin P. Tynan, Bar Counsel, Fort Lauderdale, for Complainant.
Susan M. Tillman, pro se, Coral Springs, and Fred Haddad, Fort Lauderdale, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Susan M. Tillman. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar filed a complaint against Tillman alleging theft of client monies, commingling of trust accounts, and failure to maintain minimum trust accounting standards. Hearings were held November 16 and 30, 1995. The referee found Tillman guilty of the charges in Counts I, II, and III and recommended disbarment. We approve the referee's recommendation.
Count I alleges that Tillman misappropriated client funds. The evidence reflected she paid personal expenses from the trust account and charged the expenses to her clients, drew excessive and premature fees and costs, and failed to pay clients' medical expenses with funds supplied to her to do so. There is ample evidence to support this count, from ledgers and cancelled checks, from Tillman's bookkeeper's testimony, from her own testimony, and from records of unsatisfied or delinquent medical expenses to be paid by her for clients. The trust account revealed a persistent and growing shortage. The evidence shows that Tillman intentionally misused her trust account. The referee found that as to this count, Tillman violated Rules Regulating The Florida Bar 4-1.15(b) (prompt delivery of client funds), 4-1.15(d) (compliance with trust account rules), 4-8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and 5-1.1 (money entrusted must be used for specified purpose).
Count II alleges commingling of client and personal funds, arising out of Tillman's failure to timely remove earned fees from the trust account. Her testimony confirms that this was her standard practice. The evidence supports this count. The referee found that as to this count, Tillman violated rules 4-1.15(a) (commingling prohibited), and 4-1.15(c) (fees shall be withdrawn when they become due).
Count III alleges that Tillman failed to follow the rules for trust accounting set out by the Bar. Among the violations, ledger cards were inadequate, the disbursement journal was incomplete, and settlement statements were not retained in contingency fee cases or were not signed by clients. The evidence shows that the records lack the required detail. The referee found that as to this count, Tillman violated rules 4-1.15(d) (compliance with trust account rules), and 5-1.1(d) and 5-1.2 (compliance with trust account procedures and record keeping requirements).
The referee recommended disbarment. She found two factors in mitigation: no prior disciplinary record and short period of time in practice. In aggravation, the referee found dishonest or selfish motive, pattern of misconduct and multiple offenses, refusal to acknowledge wrongful nature of misconduct, and lack of remorse. Tillman urges that the appropriate discipline is attendance at Disciplinary Diversion School.
Concerning theft, we have said that "[t]he misuse of client funds is one of the most serious offenses a lawyer can commit. Upon a finding of misuse or misappropriation, there is a presumption that disbarment is the appropriate punishment." Florida Bar v. Schiller, 537 So.2d 992, 993 (Fla.1989). Although we held in that case that mitigation can reduce the discipline, we find the mitigation here is not adequate. We find sufficient evidence in the record to support the referee's findings and recommendations. Disbarment is the appropriate discipline. Additionally, we approve the referee's finding that $13,201.00 in costs were reasonably incurred by the Bar.
Susan M. Tillman is hereby disbarred effective immediately. The costs of these proceedings are taxed against Tillman and judgment is entered in the amount of $13,201.00, for which sum let execution issue.
It is so ordered.
*544 KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part with an opinion.
ANSTEAD, Justice, concurring in part, dissenting in part.
In my view, this case is very similar to Florida Bar v. Barbone, 679 So.2d 1179 (Fla. 1996). While I agree with the majority in approving the findings of guilt, I would impose a six-month suspension as we did in Barbone.