730 So.2d 1273 (1998)
THE FLORIDA BAR, Complainant,
v.
Andrew Michael KASSIER, Respondent.
No. 90,325.
Supreme Court of Florida.
November 25, 1998.
Rehearing Denied May 13, 1999.
John F. Harkness, Jr., Executive Director, and John A. Boggs, Staff Counsel, Tallahassee, and Randi Klayman Lazarus, Bar Counsel, Miami, for Complainant.
Louis M. Jepeway, Jr. of Jepeway and Jepeway, P.A., Miami, for Respondent.

*1274 REVISED OPINION

PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by attorney Andrew Michael Kassier, as well as Kassier's cross-petition for review of the total costs assessed against him. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee's factual findings and recommendations, but we increase Kassier's suspension from six months to one year in addition to his one-year suspension ordered by this Court in Florida Bar v. Kassier, 711 So.2d 515 (Fla. 1998).

PROCEEDINGS BEFORE REFEREE
The Florida Bar filed an eight-count complaint against Kassier. Seven of the eight counts charged Kassier with the issuance of eight checks dishonored for insufficient funds and one dishonored because the account on which the check was drawn had been closed. The remaining count charged Kassier with failing to comply with an order of this Court requiring him to respond to a subpoena duces tecum.
The testimony regarding the dishonored checks consisted primarily of Kassier's testimony and that of his former office manager Jon Turner. Kassier hired Turner in August of 1995 after Kassier had represented Turner in a criminal case in which Turner pled guilty of fraud arising out of an insurance fraud scheme. Kassier testified that when Turner began as office manager, Turner would go through the office bills, determine which bills needed to be paid, and deliver prepared checks to Kassier's office for his signature. Kassier further testified that eventually, because of his heavy trial load, he would leave Turner signed blank checks for Turner to pay office bills. Kassier's testimony was corroborated by one of his former employees who testified that she saw him give Turner signed blank checks. Turner, on the other hand, testified that Kassier never gave him a signed blank check. Turner testified that he would print checks on the computer and give them to Kassier to sign. Turner further testified that Kassier reviewed all bank statements regarding law firm accounts, and that Kassier would not get the statements for several weeks after they were received. The referee found Turner's testimony to be not credible. Nevertheless, the referee recommended finding Kassier guilty on three of the eight counts (Counts II, III, and IV).
Count II concerned Kassier's noncompliance with the order to respond to the subpoena duces tecum. The referee recommended finding Kassier guilty of violating rule 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation) and rule 4-8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice) of the Rules Regulating The Florida Bar.
Count III involved Kassier's failure to pay for the storage facility he shared with another attorney to store clients' files. Kassier issued the attorney a check for $290, which the bank returned twice because of insufficient funds. Although Kassier and the attorney resolved the matter, the referee recommended finding Kassier guilty of violating rule 4-8.4(c) and rule 4-8.4(d).
Count IV involved two payroll checks issued to one of Kassier's employees. Both checks were returned to the employee because of insufficient funds, the second one after Kassier had assured the employee he would deposit funds to cover the check. The second check, which included the amount of the first check, remained dishonored at the time of the hearing before the referee. Again, the referee recommended finding Kassier guilty of violating rule 4-8.4(c).
Although the referee recommended finding Kassier not guilty on five of the eight charges, he determined that in many of those instances, Kassier placed Turner in a position to use law firm checks in an inappropriate manner and that third parties were damaged as a result. In the five counts upon which the referee recommended finding Kassier not guilty, the referee found that Turner abused the trust and confidence that Kassier had inappropriately placed in him. Furthermore, in aggravation, the referee found that bad checks were submitted to the Clerk of the Circuit Court and that Kassier never responded to the Bar's request for information concerning the complaints filed. The referee *1275 found that the charges on which he recommended a finding of guilt involved cumulative misconduct on similar matters and warranted an enhanced penalty. He also noted that unless measures are imposed, Kassier would continue to engage in this misconduct.
As a result of his findings, the referee recommended the following disciplinary measures:
1. That the respondent be suspended for six (6) months followed by three (3) years probation and thereafter until Respondent shall prove rehabilitation as provided by Rule 3-5.1(e), Rules of Discipline, the same to be consecutive to any other previously imposed recommendations.
2. That all checks emanating from the Respondent's Trust or Office Accounts be countersigned by a person approved by The Florida Bar.
3. That Respondent shall attend ethics school, including the new trust workshop prior to petitioning for reinstatement.
4. Initiate LOMAS [Law Office Management Assistance Service] review within two (2) months of this order and comply with recommendations.
5. Random audits by Bar staff auditor for entire probation period.
6. Monthly reporting to Tallahassee Headquarters office of any and all trust and office accounting activity to include: (by the 10th day of the following month, these must be received by Tallahassee Headquarters from a certified public account) a) List of individual trust and office account ledgers with total; b) Copy of bank reconciliation; c) Comparison of one to the other; and d) Copy of receipts and disbursements journal.
Neither party contests the referee's factual findings or recommendations as to guilt. However, the Bar challenges the recommended discipline, arguing that Kassier should be disbarred because his omissions, history and lack of judgment show he is unfit to practice law. Kassier challenges the referee's assessment of total costs against him, arguing that the costs should be apportioned between the parties or that each party should bear its own costs because the referee recommended finding him not guilty on five of the eight counts.

FACTUAL FINDINGS AND GUILT RECOMMENDATION
A referee's findings of fact are presumed correct unless clearly lacking in evidentiary support. See Florida Bar v. Garland, 651 So.2d 1182, 1184 (Fla.1995). This Court is precluded from reweighing the evidence and substituting its judgment for that of the referee if the referee's findings are supported by competent, substantial evidence. See Florida Bar v. Charnock, 661 So.2d 1207 (Fla.1995). After reviewing the referee's report and the evidence presented at the hearing, we find that the referee's factual and guilt recommendations are supported by competent and substantial evidence.

DISCIPLINE
We now address the Bar's request to disbar Kassier. The Bar argues that this Court should disbar Kassier because he has engaged in the dishonest issuance of checks and failure to comply with a court order. See Florida Bar v. Horowitz, 697 So.2d 78 (Fla.1997); Florida Bar v. Dubow, 636 So.2d 1287 (Fla.1994); Florida Bar v. Solomon, 589 So.2d 286 (Fla.1991); Florida Bar v. Diaz-Silveira, 557 So.2d 570 (Fla.1990). However, all four of these cases are distinguishable from the facts in the present case because they involve more egregious actions by the attorneys and the attorneys had greater disciplinary histories.
We do find, however, that Kassier's conduct does merit a suspension of one year instead of the six months recommended by the referee. Our scope of review of a referee's recommended discipline is broader than that afforded to findings of fact because this Court has the ultimate responsibility to determine the appropriate sanction. Florida Bar v. Niles, 644 So.2d 504, 506 (Fla.1994). In determining the appropriate discipline, the Court should consider Kassier's prior misconduct and cumulative misconduct, and should treat more severely cumulative misconduct than isolated misconduct. See Florida Bar v. Adler, 589 So.2d 899 (Fla.1991). *1276 At the time of the referee's report and recommendation in this case, this Court had not decided Kassier's suspension in the earlier case; therefore the referee could not have considered the cumulative misconduct emanating from Kassier's prior disciplinary action. See Florida Bar v. Inglis, 660 So.2d 697 (Fla.1995) (referees in three different cases involving same attorney could not consider cumulative misconduct because no basis for such a finding exists until this Court takes action).
A bar disciplinary action must be fair to society, fair to the respondent, and severe enough to deter others. See Florida Bar v. Pahules, 233 So.2d 130, 132 (Fla.1970). Issuing worthless checks is a very serious ethical violation, especially when it affects an attorney's clients and employees. In his recommendation, the referee found that Kassier's actions involved cumulative misconduct on similar matters and that he should therefore receive an enhanced penalty. Given Kassier's prior misconduct just a few years ago and our approval of the referee's recommendation of a one-year suspension for that misconduct, we believe the appropriate discipline in this case is a one-year suspension to run consecutive to his current one-year suspension and order that Kassier shall attend ethics school, including the new trust account workshop, prior to petitioning for reinstatement.[1] A one-year suspension in this case is fair to society and to Kassier, yet severe enough to deter other attorneys from engaging in the unethical conduct of issuing worthless checks and disobeying official subpoenas.

COSTS
We next address Kassier's cross-petition challenging the total costs assessed against him. The assessment of costs in a disciplinary proceeding is within the referee's discretion and will not be reversed absent an abuse of that discretion. Florida Bar v. Miele, 605 So.2d 866, 868 (Fla.1992). In Miele, the referee recommended that attorney Miele pay the costs of the disciplinary proceeding. 605 So.2d at 868. Miele, much like Kassier in the present case, argued that he should not be responsible for all of the costs because the Bar did not prove all of its allegations against him. Id. In response to this argument, the Court stated that but for Miele's conduct, no complaint would have been filed. Id. Unless the record suggests that the costs were unnecessary, excessive or improperly authenticated, there is no abuse of discretion. Id. at 868. Where the choice is between imposing costs on a bar member who has misbehaved and imposing them on the rest of the members who have not misbehaved, it is only fair to tax the costs against the misbehaving member. Id.
Kassier has produced no facts suggesting that the referee abused his discretion in assessing total costs against Kassier. Kassier's negligent supervision of Turner resulted in the Bar's complaint. Further, Kassier provided no evidence that the costs were unnecessary, excessive, or unable to be separated between proven and unproven charges. Therefore, we hold that Kassier is responsible for the total costs which include the administrative fee ($750), court reporter's fees ($789.40) and the cost of the transcript ($2,924.55).
Accordingly, Andrew Michael Kassier is hereby suspended from the practice of law for one year effective nunc pro tunc to March 16, 1997, the date this Court first suspended respondent based upon the misconduct inbolved herein. Respondent is ordered to attend The Florida Bar's Ethics School, including the new trust account workshop, prior to petitioning for reinstatement. Because *1277 Kassier is already under suspension, we need not provide the usual thirty-day time period for Kassier to close out his practice. The one-year suspension ordered in the present case shall not affect Kassier's one-year suspension ordered in Florida Bar v. Kassier, 711 So.2d 515 (Fla.1998). Kassier shall accept no new business until the consecutive suspensions are completed and he is reinstated. Judgment is entered for the Bar against Kassier for costs in the amount of $4,463.95, for which sum let execution issue.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] In Kassier's previous case, aside from the one-year suspension, we imposed the following discipline: (1) that Kassier initiate LOMAS review within two months of the opinion and complete it within four months of the date of the opinion, if he had not already done so; (2) a three-year probation period; (3) random audits by a Bar staff auditor; and (4) that Kassier make monthly reports to the Tallahassee office of The Florida Bar of any and all trust accounting activity, which shall include: (a) a list of individual trust account ledgers with the total; (b) a copy of a bank reconciliation; (c) a comparison of one to the other; and (d) a copy of the receipts and disbursements journal. See Florida Bar v. Kassier, 711 So.2d 515 (Fla.1998). Although the referee recommended the imposition of the same discipline in the present case, we feel he did so because we had not yet ruled on Kassier's prior case. However, because we imposed the above discipline on Kassier in the previous case, it would be duplicative to impose it again.