887 So.2d 1242 (2004)
THE FLORIDA BAR, Complainant,
v.
Garry R. SPEAR, Respondent.
No. SC03-420.
Supreme Court of Florida.
November 4, 2004.
*1244 John F. Harkness, Jr., Executive Director and John Anthony Boggs, Staff Counsel, Tallahassee, FL, and Eric Montel Turner, Bar Counsel, Fort Lauderdale, FL, for Complainant.
Garry R. Spear, pro se, Oakland Park, FL, for Respondent.
PER CURIAM.
We have for review a referee's report regarding alleged ethical breaches by Garry R. Spear. We have jurisdiction. See art. V, § 15, Fla. Const. We approve the referee's findings of fact and recommendations as to guilt. For reasons explained below, we decline to approve the recommended sanction of three-years' suspension and instead disbar Spear.

I. FACTS
The Florida Bar filed a complaint against Spear alleging violations of the Rules Regulating the Florida Bar, and the referee conducted a hearing wherein Spear responded to the complaint and presented mitigating evidence. The facts are set forth in the referee's report, which provides as follows in relevant part:
Respondent operated a law practice in Boca Raton in 2001, before beginning a medical compliance business in Deerfield Beach. In the latter part of 2001, he represented Ramelle and Glenn Dinofer in their attempt to purchase a day care center. The deal was not consummated and Thomas Truex, the attorney for the sellers, returned the deposit to Respondent. On December 21, 2001, $85,000 was wired from Truex's trust account to Respondent's trust account. The funds were actually placed into Respondent's operating account. Within five days, Respondent transferred $75,000 from the account. It was never established where this money was transferred or for what purpose.
On February 25, 2002, Ramelle Dinofer contacted Thomas Truex to inquire about the return of her deposit as she had not been informed by Respondent of its return in December. Truex contacted The Florida Bar after speaking with Ms. Dinofer to report Respondent's conduct. The Florida Bar requested Respondent provide an explanation and the required trust records to demonstrate the funds had been returned to the proper client. The Respondent failed to provide records which clearly identified the funds and information to enable The Florida Bar to contact Ramelle Dinofer, who had moved to Georgia. Respondent obtained a loan from another client to repay Ms. Dinofer in February 2002. The information obtainable from the banks failed to show how the funds were *1245 returned to Ms. Dinofer, although she and her husband indicated they have received their funds as of April 15, 2003.
Based on the above findings of fact, the referee recommended that Spear be found guilty of violating various provisions of the Rules Regulating the Florida Bar[1] and that he be suspended for three years.[2] The Bar has petitioned for review, contending that disbarment, not suspension, is the appropriate sanction. Spear has not responded or otherwise participated in the proceeding before this Court.

II. ANALYSIS

A. Factual Findings and Recommendations as to Guilt

This Court's standard of review for evaluating a referee's findings of fact and recommendations as to guilt is as follows:
This Court's review of such matters is limited, and if a referee's findings of fact and conclusions concerning guilt are supported by competent, substantial evidence in the record, this Court will not reweigh the evidence and substitute its judgment for that of the referee.
Fla. Bar v. Rose, 823 So.2d 727, 729 (Fla.2002). Implicit in this standard is the requirement that the referee's factual findings must be sufficient under the applicable rules to support the recommendations as to guilt.[3]
In the present case, Spear does not contest either the referee's factual findings or his recommendations as to guilt. A review of the present record shows that *1246 those findings are supported by competent, substantial evidence; at the hearing below, the Bar presented extensive evidence on which the findings were based. Further, our review of the relevant provisions of Rules of Professional Conduct 4-1.15 and 4-8.4(g), and Rules Regulating Trust Accounts 5-1.1(a), (b), and (e), and 5-1.2(b), (c), and (d), shows that the referee's findings are sufficient to support the recommendations as to guilt. Accordingly, we approve the referee's factual findings and recommendations that Spear violated Rules of Professional Conduct 4-1.15 and 4-8.4(g), and Rules Regulating Trust Accounts 5-1.1(a), (b), and (e), and 5-1.2(b), (c), and (d).

B. Recommended Discipline

When reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is the Court's responsibility to order the appropriate sanction.[4] In determining a proper sanction, the Court will take into consideration the three purposes of lawyer discipline:
First, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing penalty. Second, the judgment must be fair to the respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations.
Fla. Bar v. Lord, 433 So.2d 983, 986 (Fla.1983) (emphasis omitted). As a general rule, when evaluating a referee's recommended discipline, the Court will not second-guess a referee's recommended discipline as long as that discipline (1) is authorized under the Florida Standards for Imposing Lawyer Sanctions ("the Standards") and (2) has a reasonable basis in existing case law.[5]
In the present case, given the referee's findings and recommendations as to guilt, the recommended sanction of suspension is not authorized under the Standards and does not have a reasonable basis in existing case law. First, the referee recommended that Spear be found guilty of converting client funds for unauthorized use in violation of rule 5-1.1(b). That particular rule explains the meaning of the term "conversion":
[A] refusal to account for and deliver over such property upon demand shall be deemed a conversion.
Fla. R. Regulating Fla. Bar 5-1.1(b). Where conversion of client funds is concerned, the standards are clear:

*1247 4.11 Disbarment is appropriate when a lawyer intentionally or knowingly converts client property regardless of injury or potential injury.
Fla. Stds. Imposing Law Sancs. 4.1. Thus, in the present case, the presumptive sanction under the standards is disbarment, not suspension.
The presumptive sanctions are subject to aggravating and mitigating circumstances. In the present case, the referee found two aggravating circumstances (i.e., Spear had substantial experience in the practice of law and had submitted false evidence and testimony during the disciplinary proceeding) and two mitigating circumstances (i.e., Spear had no prior disciplinary record and had made a good faith effort to make restitution) and further found that the aggravators outweighed the mitigators. Our review of the record shows that the referee's findings in this regard are supported by competent, substantial evidence and we approve those findings. In light of those findings, we conclude that the mitigating circumstances are insufficient to overcome the presumptive sanction of disbarment. Accordingly, the referee's recommended sanction of suspension is not authorized under the standards. Rather, disbarment is the authorized sanction.
Second, given the referee's factual findings and recommendations as to guilt, the recommended sanction of suspension does not have a reasonable basis in existing case law. The Court recently explained:
Our recent case law further demonstrates that the presumptive penalty for the misuse of client funds is disbarment. Florida Bar v. Spears, 786 So.2d 516, 519 (Fla.2001). This Court has recognized that the "overwhelming majority of cases involving the misuse of client funds have resulted in disbarment." Florida Bar v. Travis, 765 So.2d 689, 691 (Fla.2000). Further, this Court has stated that disbarment is the appropriate sanction for misuse of client funds because it is unquestionably one of the most serious offenses a lawyer can commit. Florida Bar v. Porter, 684 So.2d 810, 813 (Fla.1996).
Fla. Bar v. Massari, 832 So.2d 701, 706 (Fla.2002).
The present case is similar to Florida Bar v. Travis, 765 So.2d 689 (Fla.2000), wherein the lawyer conceded that he had converted trust account funds for unapproved purposes and, in an effort to mitigate the severity of the sanction, he presented copious mitigation. This Court rejected the referee's recommended sanction of a ninety-day suspension and instead ordered that Travis be disbarred:
We again expressly state for the benefit of the members of the Bar that stealing from a client, which is what the taking of trust account funds plainly is, cannot be overcome merely because the attorney has committed prior good works and has no prior disciplinary history. An attorney does not perform such good works so that they can be used as a credit against such severe misconduct. The public has a right to have confidence that all lawyers who are members of The Florida Bar are deserving of their trust in every transaction.
Travis, 765 So.2d at 691.
The present case differs from Florida Bar v. Tauler, 775 So.2d 944 (Fla.2000), and other such cases wherein the Court imposed a sanction other than disbarment for the misappropriation of client funds. In each of those cases, there were exceptional circumstances that mitigated the attorney's culpability.[6] Further, in *1248 each of those cases, the attorney participated in the proceeding before this Court and offered an explanation for his or her conduct and presented an argument in favor of his or her position. In the present case, on the other hand, Spear has not filed a brief before this Court and has submitted no cases to rebut the above precedent calling for disbarment. Accordingly, under the facts of this case, disbarment, not suspension, has a reasonable basis in existing case law.

III. CONCLUSION
We approve the referee's findings of fact and recommendations as to guilt but we decline to approve the recommended discipline of three years' suspension and instead disbar respondent. Garry R. Spear is hereby disbarred. The disbarment will be effective thirty days from the filing of this opinion so that Spear can close out his practice and protect the interests of existing clients. If Spear notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the disbarment effective immediately. Spear shall accept no new business after this opinion is filed. Judgment is entered in favor of The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399, for recovery of costs from Garry R. Spear in the amount of $2,339.25, for which sum let execution issue.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO and BELL, JJ., concur.
NOTES
[1] Specifically, the referee recommended that Spear be found guilty of violating the following rules:

I recommend that Respondent be found guilty of violating Rules 4-1.15 [a lawyer shall comply with the rules governing trust accounts] and 4-8.4(g) [a lawyer shall not fail to respond in writing to an inquiry made by a disciplinary agency] of Rules of Professional Conduct of The Florida Bar and Rules 5-1.1(a) [a lawyer shall keep trust funds separate from the lawyer's own funds], (b) [a lawyer shall use trust funds only for their designated purpose] and (e) [a lawyer shall promptly notify a client of the receipt of trust funds], 5-1.2(b) [a lawyer shall keep certain minimum trust account records], (c) [a lawyer shall follow certain minimum trust account procedures] and (d) [a lawyer shall keep trust account records for a minimum of six years] of Rules Regulating Trust Accounts.
[2] The referee recommended that Spear be suspended for three years based on the following rationale:

Although the respondent has failed to honestly account and show the "paper trail" which would answer all questions regarding the disposition of these funds, there has not been clear and convincing evidence that the respondent derived any personal benefit from the funds. Most courts reserve disbarment for cases in which the lawyer uses the client's money for the lawyer's own benefit. Trust account violations do not per se result in disbarment. However, suspension is appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. The court feels that the aggravating factors present outweigh the mitigating factors and call for a suspension of extended duration.
....
B. Aggravating Factors:
Prior discipline: None.
9.22(f): submission of false evidence, false testimony, or other deceptive practices during the disciplinary proceeding.
9.22(i): substantial experience in the practice of law.
C. Mitigating Factors:
9.32(a): absence of a prior disciplinary record.
9.32(d): timely good faith effort to make restitution.
[3] See generally Fla. Bar v. Jordan, 682 So.2d 547 (Fla.1996) (denoting the applicable rule provisions and concluding that the record evidence was "adequate" to support the recommendations as to guilt); Fla. Bar v. Barbone, 679 So.2d 1179 (Fla.1996) (same); Fla. Bar v. Tillman, 682 So.2d 542 (Fla.1996) (denoting the applicable rule provisions and concluding that the record evidence was "sufficient" to support the recommendations as to guilt); Fla. Bar v. Garland, 651 So.2d 1182 (Fla.1995) (same); Fla. Bar v. Jackson, 494 So.2d 206 (Fla.1986) (same); Fla. Bar v. Guard, 453 So.2d 392 (Fla.1984) (denoting general rule violations and concluding that the record evidence was "sufficient" to support the recommendations as to guilt).
[4] See Fla. Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999).
[5] See Fla. Bar v. Forrester, 818 So.2d 477, 483 (Fla.2002); Fla. Bar v. Kelly, 813 So.2d 85, 89-90 (Fla.2002); Fla. Bar v. Morse, 784 So.2d 414, 416 (Fla.2001); Fla. Bar v. Mogil, 763 So.2d 303, 312 (Fla.2000); Fla. Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999).
[6] See, e.g., Fla. Bar v. Tauler, 775 So.2d 944 (Fla.2000) (imposing a three-year suspension for the misappropriation of client funds where the attorney's husband had recently lost his surgical practice and was filing for bankruptcy and was placing undue pressure on the attorney, where the attorney was the mother of five children and was in danger of losing her home, and where the attorney was amenable to rehabilitation); Fla. Bar v. Corces, 639 So.2d 604 (Fla.1994) (imposing a two-year suspension for the misappropriation of client funds where the misconduct was an isolated incident and the attorney had fully repaid the debt without client complaint or loss); Fla. Bar v. Schiller, 537 So.2d 992 (Fla.1989) (imposing a three-year suspension for the misappropriation of client funds where the clients were not injured and the attorney was genuinely remorseful and was a good candidate for rehabilitation); Fla. Bar v. Greenfield, 517 So.2d 16 (Fla.1987) (imposing a one-year suspension for the misappropriation of client funds where the attorney was in danger of losing his home to the Internal Revenue Service and was suffering from a serious illness at the time of the misconduct).