505 So.2d 1334 (1987)
THE FLORIDA BAR, Complainant,
v.
Sydney ADLER, Respondent.
No. 68449.
Supreme Court of Florida.
April 23, 1987.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Diane Victor Kuenzel, Bar Counsel, Tampa, for complainant.
Warren M. Goodrich of Holland and Knight, Bradenton, for respondent.
*1335 PER CURIAM.
This bar disciplinary proceeding is before us upon the complaint of The Florida Bar and the report of the referee. We have jurisdiction pursuant to Article V, section 15, Florida Constitution.
The referee found that respondent, Sydney Adler, was at all times pertinent, a member of The Florida Bar subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida. In the fall of 1976, Adler invested over four thousand dollars in a joint venture involving a West Virginia coal mining tax shelter. Adler also prepared the Joint Venture Agreement and other documents for the group of investors. The Joint Venture Agreement and a nonrecourse note were executed in late December of 1976. However, with Adler's knowledge, these documents were backdated to October 27, 1976. The reason for the backdating was that after October of 1976 under Internal Revenue Service regulations, nonrecourse obligations ceased to provide tax deductions for investors.
On his 1976 tax return, Adler claimed a deduction of $125,000. This deduction was later disallowed by the Internal Revenue Service after discovery of the fraudulent backdating. Because of other deductions on his 1976 tax return, the disallowance of the joint venture deduction resulted in an assessment of only $380.00, which was paid. In April of 1983, a one-count information was filed in the District Court for the Southern District of West Virginia, charging Adler with willfully delivering and disclosing a document known to be fraudulent as to a material fact, in violation of Title 26 U.S.C., section 7207 and Title 18 U.S.C., section 2. Adler pled guilty and was sentenced to three years probation and fined ten thousand dollars.
The referee found that Adler violated Disciplinary Rule 1-102(a)(4) and the Florida Bar Integration Rule 11.02(3)(a) and recommended he be disciplined by public reprimand and payment of costs. The Florida Bar argues that the discipline recommended is insufficient for the misconduct involved. We agree.
At the time of the misconduct Mr. Alder was an able tax practitioner, well versed in the intricacies of IRS regulations. His acquiescence in fraudulently backdating the instruments directly involved his professional responsibilities and reflected upon his fitness to practice law.
In recommending public reprimand, the referee observed that Adler's motive in backdating the documents was not pecuniary gain. We find, however, that despite the minimal amount of the tax assessment, Adler's actions were directly related to making money. He testified that he joined the joint venture because he thought it was a good investment and participated in the backdating because otherwise he would not have been permitted to join the joint venture. The fact that Adler's misconduct did not injure his client should not be considered in mitigation where a fraud is being perpetrated upon the government.
We recognize that this Court has approved public reprimand as discipline in some cases involving failure to file income tax returns. However, we find Adler's actions more egregious than the mere failure to file, which, though criminal, may not be fraudulent.
We approve the findings of the referee and his recommendation of guilt. We disapprove his recommendation of disciplinary measures. Sydney Adler is hereby suspended from the practice of law in Florida for a period of ninety days. Adler is allowed thirty days to wind up his practice and attend to protection of current clients but shall accept no new business from the date of this opinion. Judgment for costs in the amount of $660 is hereby entered in favor of the bar and against Adler, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in part and dissents in part with an opinion.
*1336 BARKETT, Justice, concurring in part, dissenting in part.
I would approve all the recommendations of the referee.