525 So.2d 873 (1988)
THE FLORIDA BAR, Petitioner,
v.
Roger E. WHIGHAM, Respondent.
No. 70042.
Supreme Court of Florida.
May 26, 1988.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee and David R. Ristoff, Branch Staff Counsel, Tampa, for petitioner.
Harry M. Hobbs of the Law Offices of Harry M. Hobbs, Tampa, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court for consideration of a referee's report finding attorney Roger E. Whigham guilty of professional misconduct arising from Whigham's mismanagement of trust accounts. The respondent has previously been disciplined for negligently commingling trust funds with personal funds, and *874 having overdrafts, trust account shortages and incomplete records. He received a public reprimand and was placed on probation for one year. As a condition of his probation, Whigham was required to submit quarterly trust account reconciliations and an annual audit. The Florida Bar v. Whigham, 476 So.2d 666 (Fla. 1985).
This proceeding arises from Whigham's failure to submit the reconciliations for February and April, 1986, and, as a result, the subsequent audit of his trust account for the period of October 1, 1984, through October 31, 1986. This audit revealed that there were overdrafts on several occasions, checks were stamped "Returned NSF," mathematical errors were present on client ledger cards, monthly trust account reconciliations were not produced for inspection as required, and Whigham had kept approximately $619 to $753 of his personal funds in his client trust account. There was an apparent shortage in the trust account as of June 30, 1986, but, on September 8, 1986, the date the account was frozen, it had a balance of $5,101.09. Respondent was also temporarily suspended on that date.
The Florida Bar charged Whigham with violation of Florida Bar Integration Rules, article XI, rule 11.02(4) (money or property entrusted to an attorney for a specific purpose is held in trust and must be applied only to that purpose), and rule 11.02(4)(b) (certain ledger cards not preserved for six years and/or produced for inspection); Disciplinary Rule 9-102(A) (commingling lawyer's funds in trust account); Florida Bar Integration Rule Bylaws, article XI, sections 11.02(4)(c)2.d. (no documentary support for certain disbursements from trust account); 11.04(4)(c)2.e. (cash receipts and disbursements journal did not contain certain required identification of client and/or reason for receipt or disbursement of funds); 11.02(4)(c)2.f. (information in ledger cards not in compliance); 11.02(4)(c)3.i. (bank reconciliations not in compliance); and 11.02(4)(c)3.b. (annual listings not prepared or produced for inspection).
Whigham admitted all allegations, and both parties stipulated that no client complained to The Florida Bar. The referee found Whigham guilty and recommended that he receive a three year suspension, be required to make restitution, and that upon reinstatement, he be barred from having a trust account. The Florida Bar Board of Governors voted to seek disbarment before this court.
Upon review of the record, we conclude that the facts of this case do not merit that Whigham be disbarred. We find gross negligence in the management of his trust account, but no willful misappropriation of those funds. It is apparent that the present violations arose from respondent's original mistakes which were never completely solved. It is significant that no evidence exists to suggest that any of Whigham's clients suffered any financial injury because of the mismanagement. No client has demanded money or complained of a loss or shortage of money, and, in fact, three of Whigham's clients testified before the referee that the respondent had represented their interests satisfactorily. The referee, who was the referee in the prior matter, stated:
I am very happy basically, that Mr. Whigham has seen to it that no client has suffered any loss from his trust account. That is a great relief to the Court and I am sure to the Supreme Court. The fact that lawyers have lost clients funds, that brings the Bar into great disrepute has gotten so that many people don't trust lawyers anymore like they used to. So, they have a good reason to feel that way. So, fortunately, Mr. Whigham has not been the source of any financial embarrassment or calamity or crisis to any of his clients in this way for which I am very greatly relieved.
In the earlier disciplinary proceeding, the referee recommended that Whigham be publicly reprimanded and placed on probation. We agree with his present recommendation that Whigham should be suspended for three years for the instant violations. In so doing, we note that Whigham cooperated with The Florida Bar and entered a plea of guilty to the charges.
*875 Accordingly, we approve the report of the referee. Roger E. Whigham is hereby suspended from the practice of law for a period of three years from the date of his temporary suspension, and, upon reinstatement, is barred from having a trust account in the practice of law. Respondent is also ordered to provide restitution, if any is necessary by reason of subsequent claims by clients.
The costs of this proceeding are taxed against the respondent. Judgment for costs in the amount of $3,693.96 is hereby entered against Roger E. Whigham, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.