589 So.2d 899 (1991)
THE FLORIDA BAR, Complainant,
v.
Sydney ADLER, Respondent.
No. 75670.
Supreme Court of Florida.
November 14, 1991.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Bonnie L. Mahon, Susan V. Bloemendaal and Thomas E. DeBerg, Asst. Staff Counsels, Tampa, for complainant.
Warren M. Goodrich, Bradenton, and Theodore Klein of Fine, Jacobson, Shwartz, Nash, Block & England, Miami, for respondent.
PER CURIAM.
The Florida Bar petitions for review of a referee's recommendations regarding guilt and sanctions concerning Sydney Adler. Adler cross-petitions for review of the recommendations. We have jurisdiction pursuant to article V, section 15, Florida Constitution.
The case against Adler arose when an audit of Adler's trust accounts by a staff auditor of The Florida Bar disclosed that the accounts were not in substantial compliance with the requirements for trust accounts. The audit revealed the following problems: funds belonging to Adler and his business entities were commingled in the trust account; Adler utilized client trust funds for purposes other than the specific purpose for which the funds were entrusted to him; Adler failed to maintain, preserve and produce bank statements and original cancelled checks for one trust account from March 1983 through January 1984; Adler failed to maintain, preserve and produce client ledger cards and monthly reconciliations, comparisons, and annual listings; and Adler failed to produce for inspection evidence that he had authorized the banks in which he maintained trust accounts to notify The Florida Bar in the event a trust account check was returned due to insufficient funds. Based upon these audit findings, the bar charged Adler with violations of the former Florida Bar Integration Rules, Integration Rule Bylaws, and Code of Professional Responsibility.[1]
The referee recommended that Adler be found guilty of violating the following: Disciplinary Rule 9-102(A), Code of Professional Responsibility, for commingling his *900 funds or funds belonging to his business entities with trust funds; Florida Bar Integration Rules, article XI, rule 11.02(4) for using client trust funds for purposes other than the specific purpose for which the funds were entrusted to him; Florida Bar Integration Rule Bylaws, article XI, section 11.02(4)(c)2.c. for failing to maintain, preserve, and produce original cancelled checks for a trust account existing between March 1983 through January 1984; section 11.02(4)(c)2.f. for failing to maintain, preserve, and produce client ledger cards; section 11.02(4)(c)2.g. for failing to maintain, preserve, and produce bank statements; sections 11.02(4)(c)3.a.(i) and (ii) for failing to maintain, preserve, and produce for inspection monthly reconciliations and comparisons and annual listings; and section 11.02(4)(c)3.d. for failing to produce for inspection evidence that he had authorized the banks in which he maintained trust accounts to notify The Florida Bar in the event any trust check was returned due to insufficient funds. The referee found the following mitigating factors to be present: absence of a dishonest or selfish motive; full and free disclosure to the disciplinary board; and a cooperative attitude toward the proceeding. The referee also found the following aggravating factors to be present: prior disciplinary action;[2] multiple offenses; and substantial experience in the practice of law. The referee recommended that Adler be suspended from practice for eighteen months, based on a finding that "the actions in this case [are] of the nature set out in [section] 4.12, Florida's Standards for Imposing Lawyer Sanctions."
The Florida Bar petitioned this Court for review of the referee's report, asserting that the appropriate discipline for Adler's misconduct is a three-year suspension. Adler cross-petitioned for review, asserting that the eighteen-month suspension is contrary to the law and the evidence.
Florida's Standards for Imposing Lawyer Sanctions § 4.12 (Fla.Bar Bd. Governors 1986) provides that "[s]uspension is appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client." The referee's findings of fact comport with section 4.12 because the referee found, and Adler conceded, that funds belonging to Adler and his business entities were commingled with Adler's trust funds and that Adler utilized client trust funds for purposes other than the specific purpose for which the funds were entrusted. Therefore, the referee's recommended sanction of suspension is appropriate in this case.
When considering the appropriate penalty in a disciplinary matter, this Court also considers prior misconduct and cumulative misconduct as relevant factors, and "deals more severely with cumulative misconduct than with isolated misconduct." The Fla. Bar v. Greenspahn, 386 So.2d 523, 525 (Fla. 1980). In the instant case, the referee found multiple trust account violations as well as prior disciplinary action.
Adler argues that his previous disciplinary history should not be considered because that prior disciplinary proceeding occurred after the instant violations. However, "cumulative misconduct can be found when the misconduct occurs near in time to the other offenses, regardless of when discipline is imposed." The Fla. Bar v. Golden, 566 So.2d 1286, 1287 (Fla. 1990). We previously disciplined Adler for the fraudulent backdating of tax documents which occurred in 1976, following a federal prosecution. The current charges of Adler's misconduct, commingling of trust account funds and misuse of client funds, arise from events in 1977 and 1978, but which did not come to light until discovered by The Florida Bar's audit of Adler's trust account in 1989. Based upon Adler's repeated misconduct within a two-year span and the multiple offenses at issue in this case, we find that the referee's recommendation of suspension for eighteen months is warranted.
*901 The Florida Bar argues that a three-year suspension is the appropriate sanction for Adler's misconduct in this case, and cites The Florida Bar v. Whigham, 525 So.2d 873 (Fla. 1988), in support of this longer suspension. In Whigham, this Court approved the referee's recommendation of a three-year suspension for an attorney's "gross negligence in the management of his trust account." Id. at 874. However, the trust account violations in Whigham included more egregious violations, such as overdrafts and checks returned for insufficient funds, which are not present in this case. Furthermore, the instant case is procedurally distinguishable from Whigham which arose from a prior disciplinary proceeding for trust account violations where the disciplined attorney was required as a condition of probation to submit quarterly reconciliations. When the attorney failed to submit the reconciliations, a subsequent audit revealed new multiple trust account violations which prompted the sanction of a three-year suspension. Id. Thus, the instant case is both factually and procedurally different from Whigham. Moreover, in this case the referee clearly factored in Adler's prior disciplinary history and multiple offenses to conclude that suspension for eighteen months was appropriate.
We accordingly approve the report of the referee, and suspend Sydney Adler from the practice of law for a period of eighteen months. Upon filing of this opinion, Adler shall accept no new business. To allow Adler thirty days to close his practice in an orderly fashion and thereby to protect the interests of his clients, suspension is effective on December 16, 1991. Judgment is entered against Adler for costs in the amount of $2,482.26, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] These were in effect at the time that Adler's misconduct occurred. This Court subsequently promulgated the Rules Regulating The Florida Bar, which integrated all rules pertaining to the bar into a single document. See Rules Regulating The Florida Bar, 494 So.2d 977 (Fla. 1986).
[2] The prior disciplinary action noted by the referee is reported in The Florida Bar v. Adler, 505 So.2d 1334 (Fla. 1987). That proceeding resulted from Adler's acquiescence in the fraudulent backdating of documents in order to obtain a tax deduction for a joint venture in which he was an investor. Adler was suspended from practice for 90 days as a result of that bar disciplinary proceeding.