ON REHEARING DENIED

FLETCHER, Judge.
The State has moved for a rehearing of the order denying its petition for writ of certiorari. For the following reasons we deny the State’s rehearing motion.
During the police investigation herein two separate photographic line-ups were created by the police. One line-up contained a photograph of defendant John McWilliams, the other line-up contained a photograph of defendant Darrell McWil-liams. During the deposition of a state-listed witness, counsel for the defendants attempted to use these police photo lineups in the questioning of the deponent. The State objected and refused to allow the deponent to answer. The defense moved the trial court for an order permitting them to use the police photo line-ups in depositions of all state witnesses who made an (alleged) out-of-court identification of the defendants. The trial court ruled that the defendants could use the police photo line-ups in the depositions of those state witnesses who identified either defendant from them.
It is this ruling that the State has sought to quash, taking the position that this court’s decision in State v. Kuntsman, 643 So.2d 1172 (Fla. 3d DCA 1994) requires quashal of the trial court’s ruling. Huntsman, however, dealt with an entirely different situation wherein the defense put *1037 together its own photo “line-up” which contained thirty-eight black and white photographs, four of which were of the Kunts-man defendants. At deposition the State objected to the use of the photo array and the deponent refused to view or answer questions regarding it. At the defense’s request, the trial court ordered all prosecution witnesses to view ahd respond to questions concerning the private photo array. On review this court concluded that the trial judge “was not authorized to compel the prosecution witnesses to view the [defense-made] photo array, absent a showing by the defendants that strong or compelling reasons justified the order” (Kuntsman at 1173), and further concluded that no such showing had been made. Most important, this court determined that the trial court’s order improperly allowed the defendants an opportunity to build their cases during the discovery process by “creating” evidence (misidentifications). Such is contrary to the purpose of the criminal discovery process which is to avail the defense of evidence known to the State so that convictions will not be obtained by the suppression of evidence favorable to the defense or by surprise tactics in the courtroom.
Unlike Kuntsman, the instant case involved the actual police photo line-ups, not photo arrays prepared by the defense. The purpose herein of the use of the photo line-ups at deposition is not to create evidence. Rather it is to question the identifying witnesses about the actual photo line-up procedure, and to inquire about the identifications that were made — all perfectly routine and all consistent with Kuntsman.[1]
Rehearing denied.

. We note that although defense counsel is free to question witnesses about the photographic line-up they viewed, he is not free to present the witness with the photo line-up and conduct a new identification proceeding. Accordingly, if the witness is handed the photographic line-up and asked which photograph he or she selected, the witness is free to review the exhibit in its entirety, including the reverse side of the individual photographs, to determine which photograph he or she initially selected.