# Supreme Court of Florida

_____

No. SC17-1391
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**JONATHAN STEPHEN SCHWARTZ,**
Respondent.

November 7, 2019

PER CURIAM.

We have for review a referee's report recommending that Respondent, Jonathan Stephen Schwartz, be found not guilty of professional misconduct. We have jurisdiction. *See* art. V, § 15, Fla. Const. We disapprove the referee's findings of fact and recommendation that Schwartz did not violate any Bar rules in his use of two defense exhibits during a pretrial deposition, and we remand to a newly appointed referee for further proceedings consistent with this opinion. We also disapprove the referee's order that the parties bear their own costs.

## BACKGROUND

Schwartz is primarily a criminal defense attorney who was admitted to The Florida Bar (Bar) in 1986. He became the subject of these Bar proceedings based upon his use of two defense exhibits during a pretrial deposition conducted on February 13, 2015, while representing the defendant in the case of *State v. Virgil Woodson*, Circuit Case No. 13-2013-CF-012946-0001-XX (Miami-Dade County, Florida). The exhibits at issue included two photocopied versions of black and white police photo lineups in which the victim had originally signed her name and identified the defendant by circling both the defendant's photograph and the designation below it of subject number five. The exhibits also included the signature of the police officer who conducted the photo lineup. The disciplinary issue here centers on the fact that Schwartz altered the photo lineup by replacing his client's image in one exhibit with the image of an alternate suspect whom witnesses other than the victim had identified as the perpetrator and by changing the client's image in the other exhibit by imposing the alternate subject's hairstyle on the client's image. Although the images in the exhibits were altered in this manner, they nonetheless retained the circle around subject number five and the signatures of the victim and police officer below the photographs. The Bar, in its complaint filed on July 27, 2017, alleged that Schwartz violated Rules Regulating the Florida Bar (Bar Rules) 3-4.3 (Misconduct and Minor Misconduct) and 4-

8.4(c) ("A lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation.").

The referee, in her report dated May 21, 2018, having heard testimony from the Bar complainant (former assistant state attorney Cristina Cabrera, who was lead prosecutor in the *Woodson* case), the court reporter at the deposition, Schwartz's co-counsel in representing Woodson (Judy McGuire), attorney Barry Wax (presented as an expert defense lawyer), and Schwartz, found that "[Schwartz] made a messy (but clearly not deceitful) effort to comply with *State v. [Mc]Williams*[, 817 So. 2d 1036 (Fla. 3d DCA 2002)], with only black and white copies of the state's photographic lineups that the state had given him in discovery." Report of Referee, at 7.

Turning to the alleged rule violations, the referee wrote that "a violation of Rule 4-8.4(c) requires proof of 'a purpose to deceive and not merely negligent misrepresentation or failure to apprise another of relevant information.' " *Id.* at 22. The referee found that

> the Bar's proof did not establish that [Schwartz] acted with any purpose or intent to deceive during the course of his handling the [victim's] deposition. The defense-created line-ups are not, in and of themselves, misleading, fraudulent, deceitful, or misrepresentations, and were not contrary to honesty or justice. Nor was the manner of use of the defense-created line-ups capable of misleading the witnesses.

*Id.* at 22-23. The referee found it significant that Schwartz "had only black and white photocopies of the state's evidence to work with," and that his substituting his client's face with that of an alternate suspect he had "previously disclosed to the state was consistent with honesty and justice." *Id.* at 23. The referee also relied upon the fact that the Bar admitted that there was not a single Bar disciplinary case on point.

By separate order, the referee denied Schwartz's Motion to Assess Costs and instead ordered the parties to bear their own costs.

## ANALYSIS

The Court's review of the referee's findings of fact is limited, and if a referee's findings of fact are supported by competent, substantial evidence in the record, this Court will not reweigh the evidence and substitute its judgment for that of the referee. *Fla. Bar v. Frederick*, 756 So. 2d 79, 86 (Fla. 2000). That is, "[a] referee's findings of fact regarding guilt carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record." *Fla. Bar v. Barrett*, 897 So. 2d 1269, 1275 (Fla. 2005) (quoting *Fla. Bar v. Spann*, 682 So. 2d 1070, 1073 (Fla. 1996)). But as to the actual recommendations of guilt, the referee's factual findings must be sufficient under the applicable rules to support the recommendations. *See Fla. Bar v. Shoureas*, 913 So. 2d 554, 557-58 (Fla. 2005). Ultimately, the party challenging the referee's findings of fact and

recommendations as to guilt has the burden to demonstrate "that there is no evidence in the record to support those findings or that the record evidence clearly contradicts the conclusions." *Fla. Bar v. Germain*, 957 So. 2d 613, 620 (Fla. 2007).

*Bar Rule 4-8.4(c):* Bar Rule 4-8.4(c) provides in pertinent part that "[a] lawyer shall not . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." To sustain a violation of that rule, "the Bar must prove intent." *Fla. Bar v. Brown*, 905 So. 2d 76, 81 (Fla. 2005). The element of intent can be satisfied, however, "merely by showing that the conduct was deliberate or knowing." *Id.* Therefore, the motive underlying the lawyer's conduct is not determinative; instead the issue is whether he or she purposefully acted. *Fla. Bar v. Berthiaume*, 78 So. 3d 503, 510 n.2 (Fla. 2011); *Fla. Bar v. Riggs*, 944 So. 2d 167, 171 (Fla. 2006); *see also Fla. Bar v. Smith*, 866 So. 2d 41, 46 (Fla. 2004).

Here, the referee improperly focused upon Schwartz's asserted motive, which was to provide constitutionally effective assistance of counsel, apparently by attempting to undermine the victim's identification of Schwartz's client. As the above-cited case law makes clear, Schwartz's motive or purpose in acting is not determinative of a Bar Rule 4-8.4(c) violation. Indeed, if motive were the standard for evaluating whether the rule was violated, there would be no reason for "absence of a dishonest or selfish motive" to be a mitigating factor. *See* Fla. Std.

Imposing L. Sancs. 9.32(b). Thus, notwithstanding the referee's credibility findings and her finding that Schwartz did not subjectively intend to deceive the witness, this finding does not address the undisputed fact that Schwartz knowingly and deliberately created the defense exhibits by altering photocopies of the police lineups and showing them to the victim at the deposition. Those exhibits included the victim's circle of subject number five and the victim's and detective's signatures, along with a photograph of the so-called alternate subject replacing the defendant's image, and a photograph altering the defendant's image by imposing the alternate subject's hairstyle.

Our consideration of the defense-altered exhibits leads to the inevitable conclusion that they are deceptive on their face. The referee, without elaboration, concluded that the exhibits "in and of themselves" were not "misleading, fraudulent, deceitful, or misrepresentations." This conclusion is unsupported by the record and patently erroneous. The exhibits retained the witness's circle identifying subject number five in the lineup as the perpetrator and the victim's and detective's signatures. By their very nature, they conveyed the false message that the substituted photograph was the photograph that had been previously identified by the victim.

Controlling precedent governing defense discovery using photo lineups also does not legitimize Schwartz's conduct. In *McWilliams*, 817 So. 2d at 1036-37,

the Third District Court of Appeal addressed the propriety of defense counsel using two police lineups each containing one of the defendants during a deposition of a State witness. The State had objected to the defense's use of the lineups and refused to let the witness answer. As explained by the district court,

> [t]he defense moved the trial court for an order permitting them to use the police photo line-ups in depositions of all state witnesses who made an (alleged) out-of-court identification of the defendants[, and t]he trial court ruled that the defendants could use the police photo line-ups in the depositions of those state witnesses who identified either defendant from them.

*Id.* at 1036. In upholding the trial court's ruling, the Third District observed that the exhibits used by the defense "involved the actual police photo line-ups, not photo arrays prepared by the defense." *Id.* at 1037. And, in *State v. Kuntsman*, 643 So. 2d 1172 (Fla. 3d DCA 1994), the Third District held that Florida Rule of Criminal Procedure 3.220, Discovery, does not accord the trial judge the authority to compel a prosecution witness to view a defendant's photo array of thirty-eight photographs, absent strong or compelling reasons. *Id.* at 1173. That is, the discovery rule "is not intended to provide defendants with an opportunity to build their cases during the discovery process by 'creating' evidence, i.e. misidentifications." *Id.* at 1174.

Here, the referee erroneously concluded that Schwartz's conduct comported with the dictates of *McWilliams* and *Kuntsman*. Contrary to the referee's conclusion, that authority does not permit lawyers to use "police line-ups and to

create their own line-ups when needed to test the accuracy of witness identifications" in the manner done by Schwartz. Report of Referee, at 15. While Schwartz believed it necessary to test the witness's identification based upon evidence of another person being the actual perpetrator, a factual matter that we do not reweigh if supported by competent, substantial evidence in the record, *see Fla. Bar v. D'Ambrosio*, 25 So. 3d 1209, 1215 (Fla. 2009), that does not give rise to the right to use inherently deceptive lineups. To the contrary, the manipulation of the police photo lineups here is more akin to that not permitted in *Kuntsman* and is not the same as use of the actual police lineups as in *McWilliams*. While the referee focused upon the fact that the defense could only use black and white exhibits because that was what the State provided in discovery, she did not address Schwartz's use of the lineups retaining the victim's circle around subject number five and the signatures in concluding that Schwartz complied with *McWilliams*. Moreover, the referee's reliance upon Schwartz's expert for the legal conclusion that Schwartz acted properly under the case is misplaced. *See Cty. of Volusia v. Kemp*, 764 So. 2d 770, 773 (Fla. 5th DCA 2000) ("[A]n expert should not be allowed to render an opinion which applies a legal standard to a set of facts.").

Accordingly, notwithstanding the referee's credibility findings and her finding that Schwartz's subjective intent was not to deceive the witness, in light of Schwartz's intent in creating the deposition exhibits and the deceptive nature of the

exhibits themselves and that they do not comport with controlling case law, we disapprove the referee's recommendation and conclude that Schwartz violated Bar Rule 4-8.4(c).

*Bar Rule 3-4.3:* Bar Rule 3-4.3 provides in pertinent part: "The commission by a lawyer of any act that is unlawful or contrary to honesty and justice may constitute a cause for discipline whether the act is committed in the course of the lawyer's relations as an attorney or otherwise . . . ." The Court has found that this rule has been violated where the attorney has engaged in misrepresentations, *Fla. Bar v. Stillman*, 606 So. 2d 360 (Fla. 1992); *Fla. Bar v. Williams*, 604 So. 2d 447 (Fla. 1992), or other misleading conduct, *Fla. Bar v. Beach*, 699 So. 2d 657 (Fla. 1997). While the referee repeatedly stated that Schwartz's use of the defense-created exhibits was either not contrary to, or was consistent with, honesty and justice, the exhibits themselves establish the opposite. In light of the discussion pertaining to Bar Rule 4-8.4(c), we disapprove the referee's recommendation that Schwartz did not violate Bar Rule 3-4.3.

*Costs*: Based upon our determination that Schwartz violated the Bar Rules as charged, we further disapprove the referee's determination that the Respondent and the Bar bear their own costs. *See* R. Regulating Fla. Bar 3-7.6(q)(3).

## CONCLUSION

We conclude that the referee's conclusion that Respondent did not violate Rules Regulating the Florida Bar 3-4.3 and 4-8.4(c) was clearly erroneous. Therefore, we disapprove the referee's report and remand this case to a newly appointed referee for a hearing limited to a determination of recommended discipline. Finally, we also disapprove the referee's determination that the parties bear their own costs, and direct that the Bar submit its statement of costs, pursuant to Bar Rule 3-7.6(q)(5), following the additional proceedings before the newly appointed referee.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – The Florida Bar

Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, Adria E. Quintela, Staff Counsel, The Florida Bar, Sunrise, Florida, and Thomas Allen Kroeger, Bar Counsel, The Florida Bar, Miami, Florida,

for Complainant

Benedict P. Kuehne and Michael T. Davis of Kuehne Davis Law, P.A., Miami, Florida,

for Respondent